UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN L. CASEY, II, | No. 2:22-cv-01716 DB P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on September 23, 2022, is before the court for screening. The complaint states potentially cognizable claims, but not all claims pleaded meet screening standards. Within 30 days, plaintiff must respond to this order informing the court how he chooses to proceed.

**I.     In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) The declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

////

1

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Allegations in the Complaint

On September 13, 2020, in the dayroom at Mule Creek State Prison ("MCSP"), inmate Franks attempted to punch plaintiff several times. (ECF No. 1 at 3.) Plaintiff dodged every blow while looking at defendant S. Nibur, defendant D. Tsui, and Correctional Officer D. Hardie. (Id. at 3.) Plaintiff asked them "are you going to do anything about this?" and ran away from Inmate Franks. (Id. at 3.) Plaintiff asked Hardie for a "one way" to his cell to avoid further altercation with Franks. (Id.) When plaintiff got to his cell, defendant Tsui was there and told plaintiff to close the door and "handle your business." (Id.) Plaintiff returned to dayroom thinking the

situation was over. (Id.) Three minutes into a phone call, inmate Franks assaulted plaintiff and hit him on the right eye. (Id.) In self-defense, plaintiff began to grab Franks and wrestle him down to the ground. (Id.)

Defendants Tsui and Nibur sprayed plaintiff (only) with pepper spray while inmate Franks punched plaintiff several more times. (Id.) Simultaneously, defendants Tsui and Freitas beat plaintiff with batons until plaintiff ran away from the situation. (Id.) Plaintiff suffered a right eye injury, busted lip, left elbow contusion, and has permanent popping in his left rotator cup. (Id.)

While plaintiff was in the decontamination cage, he heard defendant Tsui bragging about emptying his pepper spray on plaintiff and about how he beat plaintiff with a baton. (ECF No. 1 at 4.) Plaintiff then threatened defendant Tsui with a lawsuit. (Id.)

Shortly after plaintiff's excessive force complaint regarding the incident above, around September 19 or 20, 2020, plaintiff was sent to Administrative Segregation for conspiracy to stab defendant Tsui and J. Brown. (ECF No. 1 at 4.) Although plaintiff had eight witnesses who saw him trying to go in his cell, only three witnesses made statements for his rules violation report ("RVR"). (Id.)

Plaintiff was stripped of all property, paperwork, and writing material to pursue a grievance, and prevented from timely exhausting his grievance by being put in Administrative Segregation. (ECF No. 1 at 5.) Plaintiff had to wait to receive a final copy of the RVR to pursue the grievance dated October 26, 2020, which was exhausted to the highest level, but deemed untimely. (Id.) Due to safety concerns and fear of being retaliated against at MCSP, plaintiff filed this lawsuit after he was transferred to Corcoran State Prison, naming Warden Patrick Covello, D. Tsui, S. Nibur, and T. Freitas as defendants. (ECF No. 1 at 2, 5.)

**IV.     Screening of the Complaint**

      **A.  Legal Standards under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right or federal law under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Liability against an individual defendant requires that defendant's personal involvement in the alleged violation. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also

Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). There must be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

### B. Eighth Amendment

Excessive force in violation of the Eighth Amendment occurs when prison officials apply force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. Palmer, 503 U.S. 1, 6-7 (1992); see also Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). The relevant factors may include (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Plaintiff states a claim under the Eighth Amendment against defendants Tsui, Nibur, and Freitas. Plaintiff does not state a claim against defendant Covello, because the complaint's allegations fail to link any alleged conduct by defendant Covello to the claimed deprivation. Liability may not be imposed on defendant Covello simply because he held the position of warden. Ashcraft v. Iqbal, 556 U.S. 662, 676-77 (2009). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### C. First Amendment Retaliation

A retaliation claim in the prison context has five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Watison v. Carter, 668 F.3d 1108, 1114 (2012). First, the plaintiff

4

must allege he engaged in protected conduct, such as the filing of an inmate grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Second, the plaintiff must allege the defendant took adverse action against the plaintiff. Id. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads a lack of valid penological purpose by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious or were unnecessary to the maintenance of order in the institution. Watison, 668 F.3d at 1114-15.

Here, plaintiff adequately alleges he engaged in protected conduct of which defendant Tsui was aware. Plaintiff also adequately alleges he suffered a chilling or silencing adverse action to the extent that he was accused of and sent to Administrative Segregation for conspiracy to stab defendant Tsui and J. Brown. For screening purposes, the court will liberally construe the complaint to infer a causal connection between the alleged adverse action and plaintiff's protected conduct of which defendant Tsui was aware. For screening purposes, plaintiff states a retaliation claim against defendant Tsui only. No other defendants are alleged to have been aware of plaintiff's protected conduct or can be inferred to have had any involvement with the adverse action suffered by plaintiff.

### D. Grievance-Related Allegations

Plaintiff's claim that he was prevented from timely exhausting a grievance is not cognizable. The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). Plaintiff cannot bring a separate claim for being prevented from timely exhausting his grievance.

For screening purposes, though, the court construes plaintiff's allegations as asserting that administrative remedies were unavailable, and thus that he may be excused from failing to satisfy the timely exhaustion requirement of 42 U.S.C. § 1997. See Ross v. Blake, 578 U.S. 632, 642 (2016) (an inmate must exhaust available remedies but need not exhaust unavailable ones.").

## V. Conclusion and Order

Liberally construed, the complaint states the following claims: (1) excessive force in violation of the Eighth Amendment against defendants Tsui, Nibur, and Freitas; (2) retaliation in violation of the First Amendment against defendant Tsui. No other claims are cognizable. For the reasons set forth above, the complaint does not state a cognizable claim against defendant Patrick Covello. Plaintiff's claims against defendant Covello, and any other intended claims not identified as cognizable, are hereby dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendants Tsui, Nibur, and Freitas and pursue his cognizable claims against only those defendants. In the alternative, plaintiff may file an amended complaint and attempt to state a cognizable claim against defendant Covello. If plaintiff elects to amend his complaint, he has thirty days so to do. Plaintiff is not obligated to amend his complaint.

If plaintiff elects to proceed at this time against defendants Tsui, Nibur, and Freitas, then within thirty days he must notify the court he elects to proceed against these defendants. In this event, the court will construe plaintiff's notice of election as consent to dismiss all other claims without prejudice. The court will then order service of the complaint on defendants Tsui, Nibur, and Freitas, and those defendants be required to respond to the allegation sin plaintiff's complaint. Plaintiff may use the attached form to notify the court of his choice.

Although plaintiff has been granted the opportunity to amend, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If amending, plaintiff must focus on curing the deficiencies identified herein.

Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an

amended complaint is filed, the original complaint no longer serves a function in the case. Id. The amended complaint should be titled "First Amended Complaint" and reference the case number.

In the further alternative, plaintiff may elect to forego amendment and notify the court that he wishes to stand on his original complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If this option is chosen, the undersigned will issue findings and recommendations to dismiss the non-cognizable claims without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a district judge.

## VI.     Order

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. Plaintiff's claims against defendant Covello are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend the complaint. Plaintiff is not required to amend the complaint.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a.  A first amended complaint;

    b.  A notice of election to proceed with the complaint as screened with claims against defendants Tsui, Nibur, and Freitas.

    c.  A notice of election to stand on the complaint as it was filed; or

    d.  A notice of voluntary dismissal.

5. Failure to respond to this order will result in a recommendation that this action be dismissed.

Dated:  April 24, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
case1716.scrn

7

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN L. CASEY, II,

        Plaintiff,

  v.

PATRICK COVELLO, et al.,

        Defendants.

No. 2:22-cv-01716 DB P

PLAINTIFF'S NOTICE OF ELECTION

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on the following claims: (1) excessive force in violation of the Eighth Amendment against defendants Tsui, Nibur, and Freitas; (2) retaliation in violation of the First Amendment against defendant Tsui. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____     _____

                                              Sean L. Casey, II
                                              Plaintiff pro se